State vs. Newton.

No. 343.

THE STATE OF LOUISIANA VS. JOE NEWTON.

It is the settled jurisprudence of this court that the ruling of the trial judge in disallowing an application for a new trial will not be disturbed except in a clear case of error.

APPEAL from the Second District Court, Parish of Bossier.
Watkins, J.

A. J. Murff and J. R. Land for the State, Appellee.

J. A. Snider for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J.   Appealing from a judgment and sentence of two years' imprisonment at hard labor in the penitentiary, pronounced against him upon a conviction of the crime of embezzlement, the defendant relies upon a single bill of exceptions as assigning error entitling him to relief.

The bill of exceptions states that "on the trial of the motion for a new trial   *   *   *   the defendant, amongst other reasons, urged as a reason for a new trial, and as an assignment of errors in the verdict of the jury, that the evidence in the case established the fact," etc.—reciting the substance of the evidence relied upon—that the conversion of the goods constituting the body of the offence charged, took place in Caddo, and not in Bossier parish, and that the same was solely and only indictable and triable in the former jurisdiction.

For reasons assigned, the trial judge overruled the defendant's motion for a new trial, and maintained the prosecution as jurisdictionally well grounded.   In so doing the judge passed upon the evidence that had been adduced on the trial of defendant's motion for new trial—the purport of same being that the verdict of the jury was contrary to law and evidence—and he had undoubted authority for so doing.   But it is equally unquestionable that this court has no authority to examine the evidence adduced, except for the purpose of ascertaining whether the judge exercised his discretion arbitrarily or unjustly and to the prejudice and injury of the accused, and we think it is clear that he did not.

Judgment affirmed.